UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DOMINGO MARTINEZ,

               Plaintiff,

        -against-

IRVING'S RECYCLABLES, INC.

             Defendants.
------------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, DOMINGO MARTINEZ (hereinafter "Plaintiff" or "Martinez"), by his attorneys, Feather Law Firm, P.C., complaining of the Defendant, IRVING'S RECYCLABLES, INC. (hereinafter "Defendant" or "Employer"), alleges as follows:

## NATURE OF THE ACTION

1.     This action is brought to recover unpaid minimum wages, unpaid overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the New York labor Law §190, *et* seq. ("NYLL").

2.     For at least six years prior to the filing of this Complaint – the statute of limitations under the New York State Labor Law and continuing to the cessation of the Plaintiff's employment with the Defendant, the Defendant unlawfully failed to pay the Plaintiff statutorily prescribed overtime wages.

## JURISDICTION

3.     This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the New York State Labor Law pursuant to 28 U.S.C. §§1332 and 1367.

## VENUE

1

4.     Venue is proper in the Eastern District of New York under 28 U.S.C. §1391(b)(2), in that a substantial part of the events and/or omissions giving rise to the claim occurred in Suffolk County, New York, which is within the Eastern District of New York.

5.     Defendant engaged in interstate commerce, produce goods for interstate commerce, and/or handle, sell or work on goods or materials that have been moved in or produced for interstate commerce.

6.     Upon information and belief, at all relevant times herein, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

## STATEMENT OF FACTS

7.     The Plaintiff was employed by Irving's Recyclables, Inc. (hereinafter "Irving's Recyclables") from in or about April, 2009 until March, 2015.

8.     From approximately late March/early April through November, the Plaintiff worked Monday through Friday from 7:00 a.m. to 5:00 p.m., and on Saturdays from approximately 8:00 a.m. to approximately 1:00 p.m., for a total of fifty-five (55) hours per week.

9.     From December through March, the Plaintiff only worked four (4) to five (5) Saturdays, but his other hours remained relatively the same, for a total of approximately forty-five (45) to fifty (50) hours per week during most these "winter" months.

10.     During the majority of his employment the Plaintiff was paid $10.00 per hour, until in or about April, 2013, when his hourly rate was raised to $11.00 per hour.

11.     Throughout his employment, the Plaintiff was paid straight time for all of his hours worked, including overtime hours.

12.     Thus, the Defendant failed to pay the Plaintiff the statutory proper overtime wages during the requisite time period.

2

## UNLAWFUL PAY PRACTICES

13.     As part of its regular business practice, the Defendant intentionally, willfully and repeatedly harmed Plaintiff by engaging in a pattern, practice and/or policy of violating the NYLL.  This policy and pattern or practice includes, *inter alia*, the following:

a.     failing to keep accurate records of hours worked by the Plaintiff as required by the NYLL;

b.     failing to provide the Plaintiff with an accurate pay stub, as mandated by NYLL §195; and

c.     failing to provide the Plaintiff with an wage statement, pursuant to the Wage Theft Prevention Act (NYLL §195).

14.     The Defendant's unlawful pay practices as set forth herein were willful.

## THE DEFENDANT'S FAILURE TO PAY STATUTORLY MANDATED OVERTIME

15.     The FLSA and NYLL require that employers pay all employees one-and-one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

16.     The Defendant failed to pay the Plaintiff at the appropriate overtime rate for hours worked in excess of forty (40) in a given work week.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Unpaid Overtime)

17.     Plaintiff realleges the allegations contained in the preceding paragraphs of this Complaint with the same force and effect as if herein set forth at length.

18.     The Defendant was required to pay the Plaintiff no less than one-and-one-half times the regular rate at which Plaintiff was employed for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C.§207, *et seq.*

19.     The Defendant failed to pay the Plaintiff the overtime wages to which he was entitled under the FLSA.

20.     The Defendant has willfully violated the FLSA by knowingly and intentionally failing to pay the Plaintiff overtime wages.

21.     Due to the Defendant's violations of the FLSA, the Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
**(New York Labor Law – Unpaid Overtime)**

22.     Plaintiff realleges the allegations contained in the preceding paragraphs of this Complaint with the same force and effect as if herein set forth at length.

23.     Under the NYLL and supporting New York State Department of Labor Regulations, the Defendant was required to pay the Plaintiff one-and-one-half (1 1/2) times his regular rate for all hours he worked in excess of forty (40) hours per week.

24.     The Defendant failed to pay the Plaintiff overtime wages to which he was entitled under the NYLL.

25.     The Defendant willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiff the correct amount of overtime wages.

26.     Due to the Defendant's willful violations of the NYLL, the Plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
**(New York Labor Law – Failure to Provide Pay Stubs)**

4

27.     Plaintiff realleges the allegations contained in the preceding paragraphs of this Complaint with the same force and effect as if herein set forth at length.

28.     Pursuant to New York State Labor Law §195 and §198-1(d), an employer is required to provide its employee with a paystub which accurately reflects the rate of pay, the hours worked and the amounts deducted.

29.     According to NYLL, an employee's paystub must include the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece meal, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address; and the employer's telephone number.

30.     According to New York Labor Law §198-1(d), the Plaintiff is entitled to civil penalties for every pay period he worked that did not receive the requisite accurate pay stub.

31.     During the entirety of his employment with the Defendant, the Defendant failed to provide the Plaintiff with paystubs.

32.     By the foregoing reasons, the Defendant has violated New York Labor Law §§195 and 198-1(d), and are liable to the Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Failure to Provide Notice of Pay)

33.     Plaintiff realleges the allegations contained in the preceding paragraphs of this Complaint with the same force and effect as if herein set forth at length.

34.     At all relevant times, the Defendant failed to provide notice to the Plaintiff of his rate of pay and the basis of his wage payment, as set forth in New York State Labor Law §195.

35.     The Plaintiff never received such notice and never signed a written acknowledgement.

36.     The Defendant, by the actions/omissions set forth herein, have violated New York State Labor Law §195.

37.     As a result, the Defendant is subject to civil penalties for each workweek/workday of non-compliance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

    a.  to declare that Defendant has violated the overtime provisions of the FLSA and the NYLL;

    b.  to declare that the Defendant's violations of the FLSA and NYLL were willful;

    c.  to award the Plaintiff damages for unpaid overtime wages;

    d.  to award the Plaintiff an amount of monies as and for the Defendant's failure to provide the Plaintiff a proper paystub, as mandated by the NYLL;

    e.  to award the Plaintiff an amount of monies as and for the Defendant's failure to provide the Plaintiff a Wage Notice, as mandated by the NYLL;

    f.  to award Plaintiff liquidated damages under the FLSA and the NYLL;

    g.  to award Plaintiff interest under the NYLL; and

h.   to award Plaintiff reasonable attorneys' fees and costs pursuant to the

FLSA and the NYLL;

i.   to award such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a

trial by jury in this action.

Dated:  Garden City, New York
        December 22, 2015

Respectfully submitted,

By: _____
David S. Feather
Feather Law Firm, P.C.
Attorneys for Plaintiff
666 Old Country Road
Suite 605
Garden City, New York 11530
(516) 745-9000

## **VERIFICATION**

STATE OF NEW YORK      )
                             )ss.:
COUNTY OF NASSAU      )

        DOMINGO MARTINEZ, being duly sworn, deposes and says:

        I am a Plaintiff in the above-entitled action.  I have read the annexed Verified Complaint, which has been translated verbally into Spanish, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters therein not stated upon knowledge I believe them to be true.  The ba sis for those matters alleged upon information and belief is a review of documents and/or discussions with others.

                                                              DOMINGO MARTINEZ

Sworn to me on this
23rd day of December, 2015

_____
Notary Public

DAVID S. FEATHER
NOTARY PUBLIC, State of New York
No. 02FE5049162
Qualified in Nassau County
Commission Expires Sept. 11, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DOMINGO MARTINEZ,

                                                                    DOCKET NO:  14-CV-03091

                        Plaintiff,

        -against-

IRVING'S RECYCABLES, INC.

                        Defendants.

_____

## VERIFIED COMPLAINT

_____

Feather Law Firm, P.C.
Attorneys for Defendant
666 Old Country Road, Suite 605
Garden City, New York 11530
(516) 745-9000
fax (516) 908-3930

_____

*Dated: December 29, 2015*                    *Signature*

                                              David S. Feather, Esq.

_____